UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER STICHTER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-619 DRL-MGG |
| WILLIAM HYATTE *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Christopher Stichter, a prisoner without a lawyer, alleges the use of excessive force against him at the Westville Correctional Facility on December 25, 2019. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

After peacefully talking to Sergeant Christopher Kaylor, Mr. Stichter says he turned to walk away and "was viciously attacked by Defendant [Correctional Officer Sonney] Ornelas' K9 partner, taking Stichter to the ground. Defendant Ornelas ordered his K9 partner to release Stichter from his attack. While Stichter was on the ground, Defendant Ornelas ordered his K9 partner to attack Stichter once again." ECF 2 ¶ 12.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, the complaint plausibly alleges Officer Ornelas used excessive force in violation of the Eighth Amendment.

Mr. Stichter alleges Officer Ornelas wrote a frivolous conduct report about these events. This doesn't state an independent cause of action. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *see Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006) (applying *McPherson* to a civil rights lawsuit for damages).

Mr. Stichter also alleges "Defendant Kaylor stood idly by and watched as Defendant Ornelas' K9 partner attacked Stichter both times, when he had the opportunity to prevent the attack from ever happening, which he should have done." ECF 2 at ¶ 13. A prison official "can be held liable under § 1983 if [he] (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v.*

*Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Here, the complaint presents no facts from which it can be plausibly inferred that Sergeant Kaylor could have known the dog was going to attack Mr. Stichter the first time. Neither does it contain any facts demonstrating he could have known the second attack was likely after the dog had been called off. Moreover, "[a] prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight . . . when the circumstances make it clear that such action would put her in significant jeopardy." *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007). Physically intervening to stop the dog would have been an unreasonable risk to Officer Kaylor. Since Sergeant Kaylor was not the dog's partner, the complaint does not plausibly allege the dog would have responded to commands from Officer Kaylor. The complaint thus doesn't state a claim against Officer Kaylor.

The complaint also names three other defendants. It alleges Warden William Hyatte is in charge of the Miami Correctional Facility. It alleges both he and Officer Matthew Huffman are responsible for his welfare. The complaint names Captain Robert Bennet, but it says nothing about him. The complaint does not allege any of these three were personally involved with the relevant events on December 25, 2019. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The complaint doesn't state a claim against any of these three.

For these reasons, the court:

(1) GRANTS Christopher Stichter leave to proceed against Correctional Officer Sonney Ornelas in his individual capacity for compensatory and punitive damages for

using excessive force against Christopher Stichter on December 25, 2019, by ordering his K9 partner to twice attack him at the Miami Correctional Facility in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES William Hyatte, Christopher Kaylor, Robert Bennet, and Matthew Huffman;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sonney Ornelas at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sonney Ornelas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 19, 2021    *s/ Damon R. Leichty*
                Judge, United States District Court