UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER STICHTER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-619 DRL-MGG |
| SONNY ORNELAS, | |
| Defendant. | |

OPINION AND ORDER

Christopher Stichter, a prisoner without a lawyer, is proceeding in this case against Correctional Officer Sonny Ornelas "in his individual capacity for compensatory and punitive damages for using excessive force against Christopher Stichter on December 25, 2019, by ordering his K9 partner to twice attack him at the Miami Correctional Facility in violation of the Eighth Amendment[.]" ECF 13 at 3-4. Officer Ornelas filed a summary judgment motion, arguing Mr. Stichter did not exhaust his administrative remedies before filing this lawsuit. ECF 20. Mr. Stichter filed a response, and Officer Ornelas filed a reply. ECF 28, 29. The summary judgment motion is ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper" but whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may

not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Officer Ornelas argues Mr. Stichter did not exhaust his administrative remedies before filing this lawsuit because he did not timely appeal the grievance office's decision. ECF 21 at 8-9. Specifically, Officer Ornelas shows that Mr. Stichter submitted Grievance 110830 on January 14, 2020, complaining of the incident alleged in his complaint. ECF 20-1 at 6; ECF 20-3; ECF 20-5 at 2. On January 29, 2020, Mr. Stichter received a response from the grievance office denying Grievance 110830. ECF 20-1 at 6; ECF 20-5 at 2. Mr. Stichter then had five business days – or until February 5, 2020 — to timely appeal the grievance office's decision. *See* ECF 20-2 at 12. On February 4, 2020, Mr. Stichter was sent a grievance appeal form. ECF 20-1 at 6; ECF 20-4 at 2. Mr. Stichter filled out the appeal form and dated it February 9, 2020. ECF 20-4 at 2. The grievance office received the appeal form on February 14, 2020, and rejected it as untimely. ECF 20-1 at 6; ECF 20-4 at 1.

In his response, Mr. Stichter concedes he did not timely appeal the grievance office's decision denying Grievance 110830. ECF 28-1. It is therefore undisputed Mr. Stichter did not exhaust Grievance 110830. Instead, Mr. Stichter argues the grievance office made the grievance process unavailable to him by preventing him from timely appealing. *Id.* at 2. Specifically, Mr. Stichter attests he "asked for a grievance appeal" but the defendants moved his cell and withheld his property. *Id*. Mr. Stichter attest that, "[b]y the time I got my grievance appeal and filed it," his appeal was untimely. *Id.*

3

Here, Mr. Stichter has not provided any evidence showing the grievance office made the grievance process unavailable to him. Specifically, Mr. Stichter attests only that he asked for an appeal form and that, by the time he submitted the appeal form, his appeal was untimely. He does not explain when he asked for and when he received the appeal form. The appeal form indicates it was sent to Mr. Stichter on February 4, 2020, and Mr. Stichter provides no evidence to the contrary. *See* ECF 20-4 at 2. Because Mr. Stichter has not provided any facts or evidence explaining how he was prevented from submitting the appeal form on or before February 5, 2020, his conclusory assertion he was prevented from timely appealing is insufficient to survive summary judgment. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted).

Accordingly, because it is undisputed Mr. Stichter did not exhaust his administrative remedies and he provides no facts or evidence showing the grievance process was unavailable to him, summary judgment must be granted in favor of Officer Ornelas.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 20); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Sonny Ornelas and against Christopher Stichter and to close this case.

SO ORDERED.

March 7, 2022  *s/ Damon R. Leichty*
Judge, United States District Court